2024 IL App (1st) 240090-U
Nos. 1-24-0090 & 1-24-0769 (cons.)
Order filed September 13, 2024

Sixth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

|  |  |  |
|---|---|---|
| CYNETRIA WATKINS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) ) |  |
| v. | ) ) | No. 23 L 007722 |
| PATRICK MAHER and ASPEN INSURANCE COMPANY, | ) ) ) | The Honorable |
| Defendants-Appellees. | ) ) ) | John J. Curry, Jr. Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*:    Orders dismissing complaint affirmed for failing to state a claim.

¶ 2      Cynetria Watkins applied for a loan to purchase a home. Watkins contends the lender's appraiser, Patrick Maher, improperly inflated the property's value by $115,000, causing the lender to deny her application. She sued Maher, alleging fraud, breach of professional duty,

and negligence. Watkins also sued Maher's professional liability insurer, Aspen Insurance Company, alleging it aided and abetted Maher's fraudulent conduct.

¶ 3     Aspen moved to dismiss Watkins's aiding and abetting claim, arguing (i) Illinois law prohibits direct actions for indemnity against an insurer before a judgment has been rendered against the insured and (ii) Watkins failed to plead an aiding and abetting fraud cause of action properly. The trial court granted Aspen's motion to dismiss. In a separate order, the trial court dismissed Watkins's claims against Maher. Watkins filed separate *pro se* notices of appeal, which we consolidated.

¶ 4     Watkins contends the trial court erred in dismissing her claim against Aspen because the insurer is liable for aiding and abetting Maher's alleged fraud under (i) the Illinois Consumer Fraud Act, (ii) the Illinois Whistleblower Act, and (iii) the Illinois Insurance Code. She also contends that the trial court's treatment of her as a *pro se* litigant violated federal rules of civil procedure and her right to due process under the United States Constitution.

¶ 5     After review of the applicable law and facts, we affirm. Watkins's complaint alleges that Aspen insured Maher knowing that he had purportedly engaged in fraudulent conduct, which is not sufficient to state a claim for aiding and abetting fraud as to the appraisal. Watkins has forfeited her claims against Maher by failing to address them in her opening brief. Further, nothing in the record supports Watkins's contention that the trial court violated her due process rights.

¶ 6                                   Background

¶ 7     Watkins contracted to purchase a home for $275,000 and applied to Guaranty Rate Affinity for a loan. Guaranty Rate retained Maher to appraise the property. After inspecting the property, Maher valued it at $390,000. Believing Maher's appraisal was inflated, Watkins filed

a complaint alleging Maher engaged in fraud (count I), breach of professional duty (count II), and negligence (count III). Watkins also alleged that Aspen, Maher's professional liability insurer, aided and abetted Maher's alleged fraud (count IV). Specifically, Watkins asserted that by insuring Maher despite his alleged history of fraudulent behavior and disciplinary action, which Aspen knew or should have known about, Aspen aided and abetted his fraudulent conduct in appraising the property.

¶ 8   Aspen moved to dismiss count IV under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)). Aspen argued (i) Watkins's aiding and abetting claim was barred under section 2-619(a)(9) by affirmative matter, namely caselaw prohibiting direct action against an insurer and (ii) Watkins failed to properly plead an aiding and abetting fraud claim, warranting dismissal under section 2-615 of the Code. The trial court granted Aspen's motion to dismiss with prejudice. Maher filed a motion to reconsider, which the trial court denied. Watkins filed a notice of appeal.

¶ 9   Maher then moved to dismiss under section 2-615 of the Code for failing to state claims for fraud, breach of professional duty, and negligence. The trial court granted Maher's motion to dismiss with prejudice. Watkins filed a notice of appeal. We granted Aspen's motion to consolidate the appeals.

¶ 10                                    Analysis

¶ 11   Preliminarily, Aspen asks that we strike Watkins's brief and dismiss the appeal for violating Illinois Supreme Court 341 (eff. Oct. 1, 2020), which sets forth requirements for briefs filed with this court. We agree that Watkins's brief does not comply with several provisions of Rule 341, including omitting citations to the record and an appendix. Watkins's *pro se* status does not relieve her of complying with supreme court's rules governing appellate

review (*Twardowski v. Holiday Hospitality Franchising,* 321 Ill. App.3 d 509, 511 (2001)), and her noncompliance with the rules can subject her appeal to dismissal (*LaGrange Memorial Hospital v. St. Paul Insurance Co.,* 317 Ill. App. 3d 863, 876 (2000)). Nonetheless, the issues are straightforward and we have the benefit of a record and appellee's brief (see *Twardowski,* 321 Ill. App.3 d at 511), so we address Watkins's appeal.

¶ 12                                    Standard of Review

¶ 13        Aspen moved to dismiss the claim against it under section 2-619.1 of the Code, which includes both sections 2-615 and 2-619 grounds. *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 32. Maher moved to dismiss under section 2-615. A section 2-615 motion attacks the legal sufficiency based on defects apparent on its face. *Veazey v. Board of Education of Rich Township High School District 227*, 2016 IL App (1st) 151795, ¶ 32. A section 2-619 motion admits as true all well-pleaded facts, along with all reasonable inferences that can be gleaned from them but asserts an affirmative defense or other matter that avoids or defeats the claim. *Id*. ¶ 23. Under both sections, we interpret the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id*. at ¶32 and ¶ 23. We review dismissal under sections 2-615 and 2-619 *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2 d 558, 579 (1997).

¶ 14                                 Aiding and Abetting Claim

¶ 15        To state a claim for aiding and abetting fraud, a plaintiff must show the defendant (i) aided a party who performed a wrongful act that caused an injury, (ii) regularly knew of its role as part of the overall tortious activity when the defendant provided its assistance, and (iii) knowingly and substantially assisted the principal violation. *Thornwood, Inc. v. Jenner & Block*, 344 Ill. App. 3d 15, 27-28 (2003). Watkins's complaint alleged only that Aspen insured

Maher and knew or should have known that Maher had allegedly engaged in fraudulent conduct. Even if true, she fails to allege Aspen aided Maher in his allegedly fraudulent appraisal as none of the elements of a claim for aiding and abetting are alleged. The trial court properly dismissed the claim.

¶ 16                                Claims Against Maher

¶ 17       Watkins' brief focuses solely on count IV of the complaint against Aspen. By not raising arguments addressing the trial court's dismissal of counts I through III against Maher, she has forfeited them. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). ("Points not argued are forfeited").

¶ 18                                *Pro Se* Status

¶ 19       Watkins contends the trial court erred by not treating her more leniently based on her *pro se* status. Watkins cites *Haines v. Kerner,* 404 U.S. 519, 520 (1972), which held pleadings filed by *pro se* litigants "to less stringent standards than formal pleadings drafted by lawyers." *Id.* She also cites Federal Rule of Civil Procedure 8 regarding pleadings filed in federal court. Federal procedural rules are not controlling in state court (*Adams v. LeMaster,* 223 F.3d 1177, 1182 n. 4 (10th Cir. 2000)), so *Haines* is not controlling.

¶ 20       Applicable is the well-established law of Illinois that parties choosing to proceed *pro se* must comply with the same rules and meet the same standards as licensed attorneys. *In re Estate of Pellico,* 394 Ill. App. 3d 1052, 1067 (2009) ("*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys.").

¶ 21       Nevertheless, the Illinois Code of Judicial Conduct, Rule 2.2, Comment [4] states, "It is not a violation of this Rule for a judge to make reasonable accommodations, consistent with

the law and court rules, to ensure *pro se* litigants the opportunity to have their matters fairly heard." But, "reasonable accommodations" is not the same as leniency. A court cannot overlook a plaintiff's failure to state a claim properly. Defendants are entitled to notice of the claims against them, and the court must have a sufficient basis to assess the clam's legal merits. When, as here, the complaint fails to articulate a valid claim, the case cannot proceed. There is nothing in the record to suggest that the trial court denied Watkins a fair opportunity to present her claims or violated her rights to due process.

¶ 22        Affirmed.